**Kirsten KNUDSEN, Chris Baker, and Vikki Baker, Plaintiffs–Respondents,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Petitioner.**

No. 05–8010.

United States Court of Appeals, Seventh Circuit.

Submitted April 29, 2005.

Decided June 7, 2005.

Russell Yager, Vinson & Elkins, Dallas, TX, for Defendant–Petitioner.

William M. Sweetnam, Freed & Weiss, William J. Harte, Harte & Associates, Robert A. Holstein, Holstein Law Offices, Chicago, IL, for Respondents.

Before COFFEY, EASTERBROOK, and WILLIAMS, Circuit Judges.

EASTERBROOK, Circuit Judge.

The Class Action Fairness Act of 2005, Pub.L. 109–2, 119 Stat. 4 (2005), permits defendants to remove certain class actions to federal court if minimal diversity of citizenship exists. Section 9 tells us that it applies only to suits "commenced on or after the date of enactment of this Act." That date is February 18, 2005. Invoking the removal authority under § 5, codified at 28 U.S.C. § 1453, Liberty Mutual Insurance Company removed this class action, which had been pending in state court since March 2000. The district judge promptly sent it back, observing that March 2000 precedes February 2005. Now Liberty Mutual asks us to entertain an appeal, a step that § 1453(c)(1) allows notwithstanding the norm in 28 U.S.C. § 1447(d) that remand orders are not reviewable.

We deny this petition, for we agree with *Pritchett v. Office Depot, Inc.,* 404 F.3d 1232 (10th Cir.2005), that § 9 of the new Act must be taken seriously. Deconstructionist tactics do not permit its evasion. The defendant in *Pritchett* contended that the notice of removal itself commenced a new case (the one in federal court). Rebuffing that effort to sidestep the legislative decision, *Pritchett* concluded that a civil action is "commenced" for purposes of § 9 when it is *filed* in state court and not when some later step occurs in its prosecution. Equating filing with commencement is the norm in civil practice. See Fed. R.Civ.P. 3. Although there are a few exceptions—for example, a litigant who seeks

to proceed *in forma pauperis* may be unable to get the suit under way until the judge accepts the complaint and authorizes service on the defendants, see *Williams–Guice v. Board of Educ. of City of Chicago,* 45 F.3d 161 (7th Cir.1995)—none applies here. This suit against Liberty Mutual has been ongoing for years.

Instead of arguing that removal equals "commencement," Liberty Mutual contends that any substantial change to the class definition "commences" a new case. Now as a matter of normal language (and normal legal practice) a new development in a pending suit no more commences a new suit than does its removal. Plaintiffs routinely amend their complaints, and proposed class definitions, without any suggestion that they have restarted the suit— for a restart (like a genuinely new claim) would enable the defendant to assert the statute of limitations. Liberty Mutual concedes that routine changes do not allow removal but insists that a "substantial" or "significant" change must do so. Yet significance is not the measure of a new claim; a plaintiff may assert an entirely novel legal theory in midsuit without creating a "new" claim in the sense that the defendant could block it by asserting that it had been propounded after the period of limitations expired. Moreover, "significance" often lies in the eye of the beholder; it is not a rule of law so much as it is a cast of mind or an assessment of likely consequences, which may be difficult if not impossible to foresee. A doctrine of "significant change" thus would go against the principle that the first virtue of any jurisdictional rule is clarity and ease of implementation. See, e.g., *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.,* 385 F.3d 737, 740 (7th Cir.2004) (collecting authority).

Liberty Mutual paints a picture of crafty lawyers tending a garden of pre–2005 class actions, in which they plant new claims by amendment so that the 2005 Act never comes into play. As we have already hinted, however, a new claim for relief (a new "cause of action" in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes. Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal. 28 U.S.C. § 1446(b). See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14C *Federal Practice & Procedure* § 3732 at 311–48 (3d ed.1998). We imagine, though we need not hold, that a similar approach will apply under the 2005 Act, perhaps modeled on Fed.R.Civ.P. 15(c), which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation. See also *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231 (7th Cir.1996). This possibility does Liberty Mutual no good, however, because the change in class definition does not present a novel claim for relief or add a new party.

Maybe that lies in store. The suit charges Liberty Mutual with failing to live up to promises made in its policies. Plaintiffs proposed this class:

[A]ll LIBERTY insureds, their third party beneficiaries and their assignees who are entitled to payment of medical bills under any medical payments coverages pursuant to a LIBERTY insurance policy, and who have received a payment from LIBERTY for less than the medical charge, based upon the application of LIBERTY's medical cost and utilization database.

The complaint defined "LIBERTY" as Liberty Mutual Insurance Company—which is only natural, as it is the sole defendant. Liberty Mutual responded that plaintiffs could not represent this class, for they don't belong to it. All three plaintiffs' claims derive from policies issued by Liberty Mutual Fire Insurance Company, an insurer with its own policies and reserves. So on February 25, 2005, plaintiffs proposed to amend the class definition in a way that would make them members, and hence eligible to be representatives:

All Liberty Mutual Insurance Company and Liberty Fire Insurance Company insureds, their third party beneficiaries and their assignees who submitted medical bills under any medical payments coverages pursuant to a Liberty Mutual or Liberty Fire insurance policy, and whose claims were paid for less than the medical charge, based upon the application of a medical cost and utilization database.

This is an odd revision—and not simply because "Liberty Fire Insurance Company" does not exist. The fatal problem is that Liberty Mutual Fire Insurance Company is not a party to the suit, so no relief could be entered against it. (Plaintiffs do not contend that Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company are alter egos. If these were just two names for one business, then no change in the class definition would have been necessary.) Before the state judge could address the plaintiffs' latest proposal, however, Liberty Mutual Insurance removed the case. That's unavailing, for reasons we have covered. If in the future Liberty Mutual Fire Insurance

Company should be added as a defendant, it could enjoy a right to remove under the 2005 Act, for suit *against it* would have been commenced after February 18, 2005. But Liberty Mutual Insurance Company cannot remove five years after this suit was commenced just because a nonparty corporate sibling has been mentioned in plaintiffs' latest papers.

The petition for leave to appeal is denied. This makes it unnecessary to act on Knudsen's motion to strike the petition for leave to appeal—though we hope that in the future potential appellees will address the issues directly rather than move to strike the appellants' papers. The motion to strike supposes that the Class Action Fairness Act does not apply (and, since it does not, that 28 U.S.C. § 1447(d) forecloses appellate review). Yet whether the 2005 Act *does* apply is the very issue to be determined, and "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz,* 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). A motion to strike begs the principal question.